ALICE McCLELLAND, *Appellant*, v. THE TOWN OF EUSTIS, A MUNICIPAL CORPORATION, *Appellee*.

## Division B.

## Opinion Filed October 9, 1924.

Assuming that a municipality has a right to open and use a street after the street has been discontinued by ordinance, the right should be exercised only upon making proper compensation for at least the improvements, including bearing fruit trees, permitted to be placed thereon, and continued for many years by the abutting owner after the passage of the ordinance discontinuing the street.

An Appeal from the Circuit Court for Lake County, C. O. Andrews, Judge.

Decree reversed.

*J. R. Bedgood*, for Appellant.

*Duncan & Hamlin*, for Appellee.

WHITFIELD, P. J.—A suit was brought to enjoin the town from using as a street property in a subdivision that had been dedicated as a street but had been by ordinance abandoned as one of the streets of the town before it had been opened or used, and the space had for perhaps twenty years been enclosed and improved by the abutting owner who had title to the middle of the space on each side subject to the dedication. As the town had statutory authority at least to discontinue the street, and as it undertook to do so by an ordinance passed over the mayor's veto, the enclosure and improvement of the space by the abutting owner was apparently authorized and acquiesced in even though the ordinance was not passed upon the

petition of twelve free holders as required by another ordinance of the town, the statutory authority to discontinue the street being ample.

Assuming but not deciding that the town had a right to open and use the street notwithstanding its discontinuance, the right should be exercised only upon making proper compensation for at least the improvements, including bearing fruit treets permitted to be placed thereon and continued for many years after the passage of the ordinance discontinuing the street.

The decree dissolving the temporary injunction is reversed and the cause is remanded with leave for appropriate judicial proceedings to recover proper compensation.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.